UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NADIER RODRIGUEZ-PINEDA,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX et al.,

Respondents.

No. 1:26-cv-03578-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos.1, 3)

On May 11, 2026, petitioner Nadier Rodriguez-Pineda, A-File No. 203-632-362, proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order seeking his immediate release. (Doc. Nos. 1, 3.) On the same day, the court issued an order directing respondents to file an opposition to the pending motion in which they would indicate whether this case is factually or legally distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 6.) In the same order, the court also stated that if it determined that petitioner was entitled to the relief sought in the motion for temporary restraining order, it would directly rule on the merits of the petition. (*Id.*) Respondents were directed to indicate in their opposition if they objected to the court doing so and, if they did, to provide substantive reasons in support of that opposition. (*Id.*)

1

On May 12, 2026, respondents filed an opposition to the pending motion wherein they argue solely that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (Doc. No. 7 at 1–2), an argument that the undersigned has previously rejected on several occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents have failed to address whether the circumstances presented in this case are distinguishable from those addressed in the cases cited in the court's order issued on May 11, 2026. Because respondents did not state any opposition to the court ruling on the merits of the underlying petition based on the present briefing, the court will resolve the pending petition in this order.

Petitioner is a native and citizen of Cuba who entered the United States on or about April 29, 2019. (Doc. No. 1 at ¶¶ 2, 4.) Thereafter, he encountered immigration officials who detained him and placed him in removal proceedings, with petitioner ultimately being released from immigration custody on bond by an immigration judge ("IJ"). (*Id.* at ¶¶ 4–5.) Petitioner was subsequently ordered removed *in absentia* after he failed to appear for a scheduled hearing before the immigration court, but that order was ultimately rescinded, thereby placing petitioner back into pre-removal proceedings. (*Id.* at ¶ 7.) After his removal order was rescinded, petitioner was issued an employment authorization through April 2030. (*Id.* at ¶ 8.) On or about March 4, 2026, petitioner was re-arrested during a routine maritime inspection on a fishing vessel in Florida and transferred into ICE custody. (*Id.* at ¶ 10.) There is no indication that petitioner violated the conditions of his initial release from custody.

Having considered the circumstances surrounding petitioner's re-detention, the court adopts the reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the undersigned concluded that the government's decision to re-detain the petitioner without a pre-deprivation hearing where the petitioner was previously released from immigration custody violated due process. *See also Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("[A]bsent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has

/////

2

been released on bond by an IJ."). Accordingly, the court concludes that petitioner's re-detention violates due process.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Nadier Rodriguez-Pineda, A-File No. 203-632-362, from respondents' custody;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting the petition for writ of *habeas corpus* on the merits;

3. The Clerk of the Court is directed to serve the Central Valley Annex Facility with a copy of this order; and

4. The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 13, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3